STATE EX REL. RIBANSKY, Petitioner, vs. SHAUGHNESSY, Municipal Judge, Respondent.

*April 10—May 12, 1931.*

*William F. Quick* of Milwaukee, for the petitioner.

For the respondent there was a brief by the *Attorney General, George A. Bowman,* district attorney of Milwaukee county, and *Oliver L. O'Boyle,* deputy district attorney, and oral argument by *Mr. O'Boyle* and *Mr. Fred M. Wylie,* deputy attorney general.

PER CURIAM. It appears that on December 8, 1925, an information was filed in the municipal court of Milwaukee county against Josephine Ribansky charging her with the crime of larceny, second offense; that on the 16th day of December, 1925, the court, having been informed that defendant was insane, held an inquisition as to her then sanity and found her to be insane. This was under the provisions of sec. 357.13, Stats. She was committed to

the Central State Hospital for the Insane at Waupun, and thereafter transferred to the Northern Hospital for the Insane at Winnebago.

On September 3, 1930, the petitioner, Steve Ribansky, husband of the said Josephine Ribansky, filed a petition in the municipal court of Milwaukee county, addressed to the Honorable GEORGE A. SHAUGHNESSY, Judge thereof, for a re-examination into the question of the sanity of said Josephine Ribansky, under the provisions of sec. 51.11, Stats., and demanded a jury trial upon that question. The said petition was denied and the re-examination refused by Judge SHAUGHNESSY, on the ground that, in his opinion, the procedure of sec. 51.11 is not available to one committed to an insane asylum under the provisions of sec. 357.13. Such refusal was based on the opening sentence of sec. 51.11 that "Except as otherwise provided in sections 51.22, 357.11 and 357.13, any person adjudged insane by any court, tribunal, or officer having lawful authority so to adjudge, or restrained of his liberty because of his alleged insanity, may on his own verified petition or that of his guardian or some relative or friend have a retrial or re-examination of the question whether such person is sane or insane before the judge of any court of record of the county in which such person resides or in which he was adjudged insane." Said sec. 51.11 then provides what the petition shall contain, that the judge shall appoint two physicians to examine and report to him whether in their opinion the person is sane or insane, that in the absence of a demand for a jury trial the judge shall enter judgment in accordance with the report of such physicians, but in the event of a demand for a jury trial, then such trial upon such question shall be had. In case of a finding that the person is sane, his immediate discharge from the institution where confined is to be ordered. This, in skeleton form, is the procedure prescribed by sec. 51.11. So far as this case is concerned, it

is to be followed, except as it is otherwise provided in sec. 357.13, the section under which Josephine Ribansky was committed.

The contention is that the words "Except as otherwise provided in sections 51.22, 357.11 and 357.13," with which sec. 51.11 commences, deny to any one committed under those sections any right to a re-examination of his or her sanity under the provisions of said sec. 51.11. This, however, is not true. Sec. 51.11 is not so worded as to result in such denial. That section reads, "Except as otherwise provided in section 357.13," the procedure and the disposition of the issue shall be as stated in sec. 51.11. That means that where one is committed under the provisions of sec. 357.13, the procedure and disposition are to be as provided in sec. 51.11, except as otherwise provided in sec. 357.13. That one committed under sec. 357.13 may have a re-examination under sec. 51.11 is recognized by the express provisions of the former section, where it is provided "If it shall be determined, pursuant to sec. 51.11, that the insanity or feeble-mindedness of such accused person is incurable he shall be treated and disposed of as persons incurably insane or feeble-minded are required by law to be treated; but no such person shall be removed or discharged from said hospital or home except upon the order of the court having jurisdiction of such person for trial, sentence or commitment."

Under sec. 51.11, when it is determined that the subject is sane, his or her immediate discharge shall be ordered, but where such subject is committed under the provisions of sec. 357.13 such subject is not to be immediately discharged. "No such person shall be removed or discharged from said hospital or home except upon the order of the court having jurisdiction of such person for trial, sentence or commitment." This is not as provided in sec. 51.11. While sec. 51.11 in terms accords to any person adjudged

140

insane by any court, tribunal, or officer the right of a re-examination as to his or her sanity, and provides for his or her immediate discharge in the event that he or she is found to be sane, we find that another provision is made in sec. 357.13 with reference to the discharge of a person committed under that section. No such person shall be removed or discharged except upon the order of the court having jurisdiction of such person for trial, sentence, or commitment. This in effect restores the custody of such person to the court having jurisdiction of the criminal proceedings pending against him or her. This is what was intended by the declaration in the opening sentence of sec. 51.11, "Except as otherwise provided in sections 51.22, 357.11 and 357.13." It is plain that Josephine Ribansky is entitled to a jury trial upon the question of her sanity. If upon such trial it should be determined that she is sane, she is not to be immediately discharged from the Northern Hospital for the Insane, where she is now confined, except upon the order of the municipal court of Milwaukee county.

*By the Court.*—A peremptory writ of *mandamus* will issue as prayed.